COLE *v.* HENNING.

1. DEEDS—MENTAL INCOMPETENCY—UNDUE INFLUENCE.
   A decree setting aside a deed on the ground of mental incompetency of the grantor, and because he was unduly influenced, *held*, justified by the record.

2. SAME — DEED UNDERSTANDINGLY MADE WITHOUT UNDUE IN-FLUENCE SHOULD BE SUSTAINED.
   If a deed was made understandingly, with a realization of its effect and meaning, and was not brought about by improper influence, it should be sustained, though the grantees did little or nothing to earn the property conveyed.

Appeal from Newaygo; Barton (Joseph), J.    Sub-

¹Deeds, 18 C. J. §§ 551, 552; ²Id., 18 C. J. § 46; 8 R. C. L. 946; 2 R. C. L. Supp. 695.

mitted October 14, 1926.     (Docket No. 102.)     Decided December 8, 1926.

Bill by Edward Monroe Cole, individually and as administrator of the estate of Monroe D. Cole, deceased, and another against Joseph U. Henning and another to set aside a deed.     From a decree for plaintiffs, defendants appeal.     Affirmed.

*William J. Branstrom,* for plaintiffs.

*Wetmore & Bagley,* for defendants.

SNOW, J.     Monroe D. Cole died in the village of White Cloud, Michigan, at the age of 82 years.     He had been a widower and lived alone for many years, his two children being married and residing in distant places.     He was a government pensioner, owned his home worth $1,200, and when he died had $2,500 in the bank and some cash beside.     He had been in failing health for a long time and had lived with various people, paying for his board and care.     He left the home of a Mrs. Owen in March preceding his death, claiming he could not afford to pay her $6 per week. He then lived in his own home for a very short time, and then with a Mrs. Cosand.     At the suggestion of Mrs. Owen, the defendants, Mr. and Mrs. Henning, went to see Mr. Cole about making arrangements to care for him, and on May 25th he deeded his home to them for a consideration of one dollar.     No mention is made in this deed of any agreement on the part of the Hennings to support him, although this is defendants' claim, and some such agreement was referred to by the chancellor in rendering his opinion, as follows:

"It appears that at the time and execution of the deed that there was also some paper writing made by the defendants, or signed by the defendants, whereby they agreed to a life estate in the deceased.     This

paper has not been introduced and I know of the contents of it only by the description of Joseph U. Henning, who disclaims any knowledge of its present whereabouts."

Mr. Cole died June 8th at his own home, into which defendants had moved after it had been deeded to them. Plaintiffs, heirs and representatives of deceased, filed the bill in this case to set aside the deed to defendants on the ground that Mr. Cole was not mentally competent to execute it, and because he was unduly influenced in his action. From a decree granting the relief, defendants appeal.

Cases of this kind, while not uncommon, must be decided largely on their facts and circumstances, and adjudicated cases are not of considerable assistance. A careful review of the record leads us to the conclusion that this case was correctly disposed of by the chancellor. There is abundance of testimony to the effect that Mr. Cole, near to the end of his life, was in such a broken-down condition of mind and body that he was easily influenced, and that he deeded away his property when unable to resist importunities and when in no mental state to thoroughly understand the nature of his act.

While extended reference to evidence on this subject would be unprofitable, briefly we observe it discloses that to deed away his property to people who were in no way related to him, and whom he knew but in the most casual manner, was entirely foreign to his character and general makeup. He was careful, prudent, and very frugal, as witness the fact that even when he needed attention he moved from the home of Mrs. Owen, whom he liked, because he would not pay $6 per week for his care. These defendants were not the natural objects of his bounty, and they had never done anything for him before. Henning, without loss of time, attempted to get the will of Mr. Cole from the probate court so that he might make an-

other.    He was also active in getting a scrivener to prepare the deed, at a time when everyone knew that Mr. Cole could live but a short time, and that.it would be no particular hardship to care for him.

Louis Fuller, a banker, hesitated preparing the deed until he could consult the judge of probate.    Mr. Fuller testified that Cole was neither able to talk business, nor to carry on a connected conversation; that when he signed the deed he was aided into the bank by Mr. and Mrs. Henning, who brought him there in their car; that the next day Cole was flat on his back and beyond conversing, although he made an effort to talk.

Mrs. Owen, with whom he had lived prior to going with the Hennings, testified that just prior to May 25th she tried to get the address of Mr. Cole's son from him, but that he was unable to tell her or to talk to her understandingly.    Similar testimony was given by Mr. Collier and by Mr. Beatty.

Testimony of his enfeebled physical condition was in abundance and not disputed.    In fact but little, if any, competent evidence was offered by defendants to establish their claim of a voluntary or understanding transfer to them of this property.    No physician was produced, in fact the record does not show that one was even called to see Mr. Cole after he went with the Hennings.    It is urged by counsel for defendants that the testimony of Judge Beam shows that he believed Mr. Cole to have been mentally sound.    But, read as a whole, we do not so regard it.

The circumstances surrounding the deed of this property to comparative strangers, without adequate consideration, at a time when the most casual could observe that Mr. Cole had but a short time to live, must be carefully scrutinized and regarded with some suspicion.    The defendants made no showing of fairness on their part.    That they were more interested in his property than in him is quite apparent.    But

even so, if the deed was made understandingly, and with a realization of its effect and meaning, and was not brought about by improper influence, it should be sustained, though defendants did little or nothing to earn the property conveyed.   But the record does not permit us this conclusion.   The contrary clearly appears.

The decree of the lower court is affirmed, with costs to appellees.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.